IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM C., | ) |
|     Plaintiff, | ) No. 25 C 4343 |
| v. | ) Magistrate Judge M. David Weisman |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

William C. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

### Background

On August 13, 2020, plaintiff applied for benefits, alleging a disability onset date of March 11, 2020. (R. 99-100.) His application was denied initially, on reconsideration, and after a hearing. (R. 99-148, 152-70.) Plaintiff appealed to the Appeals Council, which remanded the claim to the ALJ for further proceedings. (R. 178-79.) On remand, the ALJ again denied plaintiff's claim. (R. 15-31.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in

other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 11, 2020, the alleged onset date. (R.17.) At step two, the ALJ found that plaintiff has the severe impairments asthma and obesity. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 23.) At steps four and five, respectively, the ALJ found that plaintiff cannot perform his past relevant work but has the RFC to perform work that exists in significant numbers in the national economy, and thus he is not disabled. (R. 24-31.)

The ALJ found that plaintiff had the RFC "to perform medium work as defined in 20 CFR 404.1567(c) except he can frequently climb ramps, stairs, stoop, kneel crouch and crawl,

occasionally climb ladders, ropes, of scaffolds. The claimant can have no concentrated exposure to dust, fumes, poor ventilation or exposure to extremes of cold or humidity." (R. 24.) Plaintiff contends the RFC is flawed because the record does not support the ALJ's conclusion that he can perform medium work. *See* 20 C.F.R. 404.1567(c) (stating that medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work . . . he or she can also do sedentary and light work").

In formulating the RFC, the ALJ acknowledged plaintiff's allegations that "he is disabled due to asthma, arthritis in his back, hips, and hands, high blood pressure, and irritable bowel syndrome." (R. 25.) But the ALJ said the record showed that these conditions were not as limiting as plaintiff alleged, citing: (1) medical records that reflect no hospitalizations for asthma, no significant lung findings, no oxygen desaturation during a six-minute walk test, but show that plaintiff reported that his asthma medications were effective (R. 26, 687-88, 796-98, 807, 979-80); (2) consultative examination reports that showed he had normal grip strength and gait (R. 798, 979-80); (3) the report of the state agency medical consultant on reconsideration, who found plaintiff to be capable of performing medium work (R. 137-41); and (4) plaintiff's statements that he could drive, grocery shop, cook meals, do laundry, do light household chores, and feed, bathe, groom, and dress himself (R. 412-13, 981). Though there is other evidence in the record that might support a finding of disability, the Court is confined to determining whether the RFC is supported by "more than a scintilla" of evidence, *Biestek*, 587 U.S. at 102-03 (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938)), which it is.

Plaintiff also contends that the RFC is erroneous because the ALJ relied on the opinion of the state agency consultant on reconsideration without addressing how well the consultant's explanations supported the opinion as the regulations require. The Court disagrees. The

explanation the consultant provided for the RFC restrictions was, "claimant's h/o obesity, mild persistent asthma, Lumbago w/o radiculopathy, degenerative joint disease hips." (R. 137-40.) The ALJ explained elsewhere in the opinion how the evidence supported these findings. (R. 19-20, 25-27.) Reading the decision as a whole, as we must, the Court finds that the ALJ adequately addressed the supportability of the consultant's opinion. *See Buckhanon on behalf of J.H. v. Astrue*, No. 08-C-221, 2009 WL 10699462, at *3 (E.D. Wis. Jan. 8, 2009), *aff'd sub nom. Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674 (7th Cir. 2010) ("[A]n ALJ's decision is to be read as a whole.").

Plaintiff further asserts that the ALJ should not have relied on the consultant's opinion at all because it was rendered before he submitted additional medical evidence, including an echocardiogram that showed mild findings, right hand Dupuytren's contracture to the 4th finger palm area, positive straight leg raise test, physical therapy and chiropractic treatment for his lumbar spine, and plaintiff's self-reports of difficulty walking and standing for extended periods. (ECF 11 at 10.) Plaintiff contends that this additional evidence required the ALJ to seek an updated consultant's opinion. According to the Seventh Circuit, an ALJ need not seek an updated opinion unless the later-submitted evidence substantially "'changed the picture.'" *Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021), *as amended on reh'g in part* (June 21, 2021) (quoting *Stage v. Colvin*, 812 F.2d 1121, 1125 (7th Cir. 2016)).

It did not. The ALJ noted the Dupuytren's contracture but also that the prescribed treatment was just one week of therapy and a splint. (R. 18.) The ALJ also noted plaintiff's positive straight leg raise tests, and the physical therapy and chiropractic care he received for his back, but she said that imaging showed only mild deficits, plaintiff did not see a surgeon or orthopedic specialist, he had no emergency room visits for pain, and he had few deficits on exams. (R. 19.) Moreover,

4

though the ALJ did not expressly consider plaintiff's 2022 echocardiogram, she did consider his 2019 echocardiogram, which, like the later test, showed only mild deficits. (R. 18; *see* R. 715, 1053-54.) In short, the later-submitted evidence, which the ALJ addressed, did not substantially change the evidentiary picture. Thus, the ALJ was not required to obtain an updated consultant's opinion.

## Conclusion

For the reasons set forth above, the Court affirms the Commissioner's decision and terminates this case.

**SO ORDERED**   ENTERED: September 10, 2025

**M. David Weisman**
**United States Magistrate Judge**